UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGEL R., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02331-TAB-JRS |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S RULE 59(e) MOTION TO ALTER JUDGMENT**

Plaintiff Angel R. has filed a motion pursuant to Fed. R. Civ. P. 59(e) challenging this Court's July 11, 2022, order affirming the decision of the Commissioner, which denied Plaintiff's claim for Social Security disability benefits. [Filing No. 22.] Rule 59(e) "gives a district court the chance to 'rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis,* 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450-51 (1982)). Such motions are not designed to address "new arguments or evidence that the moving party could have raised before the decision issued." *Id.*

To Plaintiff's credit, he recognizes the exceptional nature of Rule 59(e) motions and expressly states that he does not bring this motion lightly. [Filing No. 22, at ECF p. 2.] Nevertheless, Plaintiff urges the Court to reconsider its prior ruling because this case was a "close call." [Filing No. 22, at ECF p. 2.] Despite Plaintiff's well-intended arguments, the Court is not persuaded from its prior conclusion that substantial evidence supports the ALJ's decision. Therefore, Plaintiff's Rule 59(e) motion is denied.

Plaintiff first takes issue with the Court's discussion of Dr. James M. Brooks' testimony. Plaintiff notes the Commissioner's lack of a thorough discussion on issues raised regarding Dr. Books' opinion and asserts that undeveloped arguments are generally waived. However, the

cases Plaintiff cites in support of waiving undeveloped or perfunctory arguments relate to a claimant's burden to bring forth their best case before the Court with well-reasoned and supported arguments, not the Commissioner's lack of response to Plaintiff's arguments. *See e.g., Krell v. Saul*, 931 F.3d 582, 586 at n.1 (7th Cir. 2019) ("While Krell alluded to this in his post-*Biestek* position statement, the discussion was brief and underdeveloped; *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and underdeveloped arguments are waived, as are arguments unsupported by legal authority.")). Moreover, the Court considered that Dr. Brooks testified as a medical expert at Plaintiff's supplemental hearing, and the reasons that the ALJ found the testimony persuasive, including generally negative findings at medical appointments, Plaintiff's daily activities, and Plaintiff's presentation at the hearing. [Filing No. 20, at ECF p. 5.] After discussing the ALJ's consideration of the evidence, the Court concluded the ALJ built the requisite accurate and logical bridge to sustain her conclusion. [Filing No, 20, at ECF p. 8.]

      The Court also reviewed the medical expert's testimony itself to see whether substantial evidence supported the ALJ's decision. That review revealed that, contrary to Plaintiff's contention, Dr. Brooks did not rely solely on cognitive function examination findings to assess limits on social functioning. As the Commissioner argues in her brief [Filing No. 23, at ECF p. 4], Plaintiff is essentially coming to her own conclusions as to how to interpret the medical expert's testimony. However, the issue is not whether one could look at the same set of facts and come to a different conclusion, but rather whether the ALJ's decision was reasonable and supported by substantial evidence. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). Even if reasonable minds could look at the evidence in this case and disagree as to whether Plaintiff is disabled, the ALJ's decision still must be affirmed.

Finally, Plaintiff argues the Court improperly rejected his claim that the ALJ omitted consideration of his suicide attempts, anger episodes, interpersonal problems, and arrest record. However, as the Court explained, the ALJ specifically addressed Plaintiff's hospitalization in May 2018 for suicidal ideation and self-harm behavior. The ALJ observed that at the time of these events Plaintiff had not taken his medication for a week, and that by the time of Plaintiff's discharge his mental status examination findings were largely normal. [Filing No. 20, at ECF p. 7-8.] The ALJ also adequately addressed Plaintiff's allegations about his behavior problems. The ALJ's discussion of the evidence, while perhaps not comprehensive, was adequate, which is all that is required. *Pepper v. Colvin*, 712 F.3d 351, 363 (7th Cir. 2013) ("[A]n ALJ is not required to discuss every snippet of information from the medical records that might be inconsistent with the rest of the objective medical evidence.").

In conclusion, the Court stated a reasoned basis for disagreeing with Plaintiff's arguments and for affirming the ALJ's decision. Plaintiff's Rule 59(e) motion does not justify a different outcome. Plaintiff's motion to alter judgment [Filing No. 22] is denied.

Date: 9/2/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

All ECF-registered counsel of record via email